PLAGER, Senior Circuit Judge,
concurring.
I join the court’s per curiam opinion and agree that, on the facts presented by Mr. Robinson’s case, the result is correct. I write separately because the court’s opinion in my view does not adequately respond to one of the petitioner’s major arguments, and I believe he is entitled to a more complete explanation.
In response to the Government’s brief, and at oral argument, Mr. Robinson argued that, like the plaintiff in King v. Alston,[1] he is entitled to have the Merit Systems Protection Board (“MSPB”), and on appeal this court, review the manner in which his security clearance was revoked, i.e., whether in his case the decision was “predetermined.” Recently this court affirmed the principle of Alston in Cheney v. Department of Justice.[2] These two precedents of the court, along with Drumheller v. Department of Army,[3] which is not before us, do suggest that, presumably consistent with the Supreme Court’s decision in Department of Navy v. Egan,[4] there is some limited scope for judicial review of the procedure by which a security clearance is revoked.
In response to Mr. Robinson’s argument, the per curiam opinion summarily opines that his case “is not one that falls into the interstices of the § 7513 process such as the suspension cases of King v. Alston and Cheney v. Department of Justice.” Ante at 1365. If that leaves Mr. Robinson puzzled, as well as others seeking understanding of what the law on this point is, I would not be surprised.
*1368 These security clearance/employment status cases involve two separate, though related, steps. First there is the determination by the agency whether the employee’s security clearance should be either suspended (pending an investigation into whether the employee continues to meet the requirements of the rules and regulations governing a trusted employee’s conduct) or revoked (based on the findings of the investigation). Second, if an employee’s security clearance is suspended or revoked, and the job description requires that the employee hold a security clearance, there is the subsequent action taken by the agency addressing the employee’s employment status, usually involving an indefinite suspension or removal.
In these cases the second step may be somewhat pro forma. The civil service employment statutes require that the agency have adequate grounds before taking an adverse action, such as a suspension or termination, against a government employee [5] and that it follow the notice and hearing procedures specified by statute.[6] In a case such as Mr. Robinson’s, there is no issue of adequate grounds because the absence of a security clearance when one is required for the job is unquestionably cause for the adverse action, and the required notice and hearing procedures are straightforward and readily followed. Thus, although technically the appeal to the MSPB is based on step two (the adverse action), the determinative issue in these cases usually is the first step, the suspension or revocation of the security clearance which led to the adverse action.
Mr. Robinson contends that, according to our decision in Alston, § 7513(b) requires that he be given the opportunity to present a meaningful reply to the agency’s charges and therefore he must be permitted to present evidence before the MSPB that the revocation of his security clearance was predetermined. To the contrary, the holding in Alston is limited to a particular factual situation and is inapplicable to Mr. Robinson’s case. In Alston, the agency temporarily suspended the employee’s security clearance and placed the employee on unpaid leave pending completion of an investigation and adjudication as to whether his security clearance should be revoked. The employee challenged the action, and the MSPB, after some indecision, held that the employee had been denied the statutory protections of § 7513(b), governing adverse employment actions, because of the agency’s failure to provide adequate notice of the reasons for the suspension of the security clearance.
On appeal, we agreed with the MSPB that the agency must provide some indication of the reasons for an agency’s decision to suspend access to classified information before placing an employee on enforced leave. We found authority for this requirement in § 7513(b), which we said “entitles an employee to notice of the reasons *1369 for the suspension of Ms access to classified information when that is the reason for placing the employee on enforced leave pending a decision on the employee’s security clearance.” Alston, 75 F.3d at 661. The point was, as the MSPB had noted, to provide the employee with an adequate opportunity to make a meaningful reply to the agency before an adverse employment action was taken, even though that meant looking into the security clearance itself. However, we disagreed with the MSPB on the facts of the case and held that the employee had sufficient notice. Id. at 662.
In Cheney, the MSPB in a similar situation held that the employee had been given adequate notice of the reasons for the security clearance action. The employee was indefinitely suspended from employment by the agency because his security clearance had been suspended, based on allegations of “derogatory personal conduct,” pending an investigation. 479 F.3d at 1345. The employee challenged the agency action before the MSPB, arguing that he had not been able to prepare a meaningful response to the adverse action because the agency had given him only a generalized vague notice of the reasons for suspending his security clearance. The MSPB upheld the agency action on the ground that, inter alia, the employee’s challenge was to the merits of the security clearance decision, and therefore was barred by Egan.
We reversed. Citing Alston, we noted that, under § 7513, an employee must receive written notice stating the specific reasons for the suspension of his security clearance when that is the reason for suspending the employee pending a decision on the employee’s security clearance. Cheney, 479 F.3d at 1352. On the basis of the MSPB’s factual findings, and the Government’s concession that the reasons given were indeed “vague,” we held that the requirements of § 7513 were not met. Id. at 1352-53. The dissenting judge, noting the tension that exists between security clearance determinations that are not reviewable and adverse actions that are, considered the information given the employee about his security clearance issue sufficient to meet the Alston standard. Id. at 1354-59 (McKinney, C.J., dissenting).
The rule created to deal with the Alston and Cheney problem is a narrow one that applies when the agency has decided to suspend the employee from his position because his security clearance has been suspended and there is a continuing investigation into whether the security clearance should be revoked. Cheney, 479 F.3d at 1351-52. The rationale is that there is an ongoing investigative and adjudicative process regarding the security clearance in which the employee can participate. The employee should therefore have the opportunity to address the agency’s concerns and allegations before being subjected to an adverse action — indefinite suspension of employment — based on the suspension, but not yet the revocation, of his security clearance.
The case before us is different from Alston and Cheney. The agency did not take its adverse employment action against Mr. Robinson until after it revoked his security clearance. That is, the revocation of Mr. Robinson’s security clearance and the adverse action against him — his removal from employment — were seriatim, the first completed before the second began. Furthermore, once the investigation began into whether there were grounds for revoking his security clearance, the procedures established under Executive Order 12,968 for security clearance revocations, but not suspensions,[7] *1370 were invoked, and the record indicates these were fully implemented. See Exec. Order No. 12,968 § 5.2(a), 60 Fed.Reg. 40,245, 40,252 (Aug. 2, 1995). Unlike Mr. Cheney, Mr. Robinson was given a detailed explanation of why the agency had decided his security clearance should be revoked, and he was afforded the rights specified in the Executive Order. See id. § 5.2(a)(1) (providing that an employee undergoing review proceedings concerning the revocation of his security clearance should be given “as comprehensive and detailed a written description of the basis for that conclusion as the national security interests of the United States and other applicable laws permit”). Mr. Robinson then had the opportunity to participate in the security clearance determination process to its conclusion, including review by the agency’s internal Security Appeals Board.
Thus, in a case such as this in which the agency made a final decision on the employee’s eligibility for a security clearance after following the applicable procedures before it pursued an adverse action, the problem presented by Cheney and Alston is not present.[8] Then, when the adverse action followed — the agency terminated Mr. Robinson’s employment — Mr. Robinson was entitled to the procedural protections of 5 U.S.C. § 7513 with respect to his removal, but § 7513(b) does not require any additional process with regard to the earlier security clearance determination.
In the per curiam opinion, we followed the court’s summary discussion noted at the beginning of this concurrence with the conclusory sentence that, in Mr. Robinson’s case, “the revocation of his security clearance was a completed matter in which he fully participated, so that its absence became a matter of record before the MSPB on which the MSPB could rely.” With the explanation given above, that sentence correctly captures the state of our law.

. 75 F.3d 657 (Fed.Cir.1996).

. 479 F.3d 1343 (Fed.Cir.2007).

. 49 F.3d 1566 (Fed.Cir.1995).

.484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) (holding that the MSPB has no authority to review the merits of an agency’s security clearance determination).

. An agency may take an adverse action “only for such cause as will promote the efficiency of the service.” 5 U.S.C. § 7513(a).

. An employee subject to an adverse action covered by 5 U.S.C. § 7513, such as a suspension or removal, is entitled to:
(1)at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;
(2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;
(3) be represented by an attorney or other representative; and
(4) a written decision and the specific reasons therefore at the earliest practicable date.
5 U.S.C. § 7513(b).

. See Cheney, 479 F.3d at 1350 n. 2 (Fed.Cir.2007) (noting that procedures in Executive Order 12,968 apply to security clearance revocations but not suspensions).

. Cf. Hesse v. Dep’t of State, 217 F.3d 1372, 1381 (Fed.Cir.2000) (not applying the Alston rule in the case of an employee who was suspended from his position following the agency's final decision to suspend his security clearance for a fixed two-year period).